## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No. 1:18-cv-00293-RJJ-PJG |
| v. | ) |
| CARRIE MIKESELL | ) |
| Defendant. | ) |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an order dismissing Defendant's counterclaim with prejudice, and in support states:

### I.   INTRODUCTION

Defendant's counterclaim fails to state a plausible claim for relief and should, be dismissed. Defendant's Counterclaim for Declaratory Judgment of Non-Infringement is repetitious and unnecessary because it merely restates issues that are already before this court; namely, whether Plaintiff's copyrights are valid and enforceable and whether Defendant is liable for the alleged infringement. Sixth Circuit precedent makes clear that counterclaims that are merely answers or defenses are *not* independent pieces of litigation, and should be dismissed. For the foregoing reasons, as explained more fully below, the Court should dismiss Defendant's counterclaims.

### II.   LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6) of the Federal Rules of Civil Procedure] the plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to

relief above the speculative level' and to 'state a claim to relief that is *plausible* on its face.'" *Malibu Media v. Doe*, No. 13-11432, 2014 U.S. Dist. LEXIS 79889 at *6 (E.D. Mich. June 12, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)) (emphasis added). Allegations pled as legal conclusions are not entitled to a presumption of truth. *Ashcroft v. Iqbal* at 677–79. Further, the complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir.2005)).

### III. ARGUMENT

#### A. Defendant's Counterclaim Fails to State a Claim for Relief

Defendant's Counterclaim fails and should be dismissed because it is redundant and merely addresses the same issues already presented in the Complaint. Additionally, declaratory judgment plaintiffs in copyright actions must be engaged in an actual making, selling, or using activity subject to an infringement charge or must have made meaningful preparation for such activity. *Red Hat, Inc. v. SCO Grp., Inc.*, No. 03-772-SLR, 2004 U.S. Dist. LEXIS 7077, at *3 (D. Del. Apr. 6, 2004) (Holding plaintiff must have engaged in allegedly infringing acts or possessed the capability and definite intention to engage immediately in such acts as declaratory judgment plaintiffs are prohibited from seeking advisory opinions on their potential liability for copyright infringement.) In the instant matter through his/her Answer, Affirmative Defenses, and Counterclaims [CM/ECF 18], Defendant has expressly denied he/she has engaged in any infringing acts. Therefore, the relief sought is both redundant of his/her denials set forth in the

Answer and Affirmative Defenses, and is an improper attempt to seek an advisory opinion on liability for acts it claims did not take place.

The decision to grant a declaratory judgment is entirely within the Court's discretion. "The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112, (1962).

> The two principal criteria guiding the policy in favor of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.

*Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir. 1990) (abrogated on other grounds).

Further, "when a counterclaim merely restates the issues as a 'mirror image' to the complaint, the counterclaim serves no purpose." *Fed. Deposit Ins. Corp. v. Project Dev. Corp.*, 819 F.2d 289 (6th Cir. 1987) (affirming the District Court's denial of a defendant's motion for leave to amend its answer to add a redundant counterclaim). *See also e.g., Malibu Media, LLC v. Ricupero*, Case No. 16-3628, 2017 U.S. App. LEXIS 16586 (6th Cir. August 28, 2017) (Affirming the District Court's dismissal of the declaratory judgment counterclaim identical to the one in the instant case where the counterclaim allegations track those made in Plaintiff's complaint and seek only a declaratory judgment that he did not infringe copyrighted works.); *C. Wright, A. Miller & M. Kane, Federal Practice and Procedure,* § 1406, at 32-33 (1990) (noting "authority that when a request for declaratory relief raises issues already presented in the complaint and answer, a counterclaim may be stricken as redundant since a resolution of the original claim will render the request for a declaratory judgment moot."); *John Evans Sons, Inc.*

*v. Majik-Ironers, Inc.,* 95 F.R.D. 186, 190 (E.D. Pa. 1982) (if a counterclaim merely restates the controversy set forth in the complaint it may be stricken as redundant); *Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated… [.]")

This rule is founded on sound policy because otherwise Plaintiff would have to answer a declaratory action denying everything and referring back to the complaint. Also, it would confuse a jury if the matter proceeds to that stage. Moreover, the declaration is simply unnecessary. If Defendant wins at trial, the jury's verdict will find him or her not liable and validate either the denial of liability or affirmative defenses already pleaded. In this regard Defendant's counterclaim does nothing to clarify and settle the legal relationships in issue or afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding. Defendant's counterclaim is a mere mirror-image of the allegations in Plaintiff's complaint and accordingly, it should be dismissed.

Further, a valid counterclaim "is not directed at the allegations of the complaint but rather is an independent claim for relief." *Weakley Cnty. Bd. of Educ. v. H. M.,* 2009 WL 3064885, at *6 (W.D. Tenn. 2009). Defendant's counterclaim does not contain an independent claim for relief. Indeed, Defendant's counterclaim adds nothing to the pleadings already put before this Court since he seeks only a declaration that he did not infringe Plaintiff's works and requests"[t]hat Plaintiff take nothing by the complaint and that the same be dismissed with prejudice." Counterclaim, p. 19, ¶¶ A, B. As stated above, both of these goals will be

accomplished should Defendant prevail at trial. Defendant's mere denials of liability provide no basis for an independent action and accordingly, his counterclaim should be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court dismiss Defendant's counterclaim with prejudice.

Dated: September 24, 2018                    Respectfully submitted,

By:   /s/ *Joel A. Bernier*
Joel A. Bernier, Esq. (P74226)
49139 Schoenherr Road
Shelby Township, MI 48315
Tel: (586) 991-7611
Fax: (586) 991-7612
Email: Bbclawgroup@gmail.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *Joel A. Bernier*